## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**In re:** SARI JAMES SIMPSON,　　　　　　　　　Case No. 14-36798-KRH
　　　　　**Debtor.**　　　　　　　　　　　　　　　　Chapter 13
　　　　　　　　　　　　　　　　　　　　　　　　　　Trustee: Bates

## NOTICE OF MOTION AND HEARING

The Debtor, by Counsel, has filed papers with the Court, asking the Court to continue the automatic stay.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one, in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, then, **at least 3 days prior to January 14, 2015,** you or your attorney must:

File a response with the Court, pursuant to Local Bankruptcy Rule 9013-(H). You must mail your response to the Clerk, United States Bankruptcy Court, 701 E Broad Street, Suite 4000, Richmond, VA 23219.

You must also attend a hearing on the Motion to Extend the Automatic Stay, scheduled to be held on **January 14, 2015, at 12:00pm** in Judge Huennekens' Courtroom at the U.S. Bankruptcy Court, 701 E Broad Street, Courtroom 5000, Richmond, VA 23219.

You must also mail a copy of your response to: Nnika E. White, Esq., Counsel for Debtor, 9101 Midlothian Turnpike, Suite 800, Richmond, VA 23235.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that Motion.**

Date: December 29, 2014　　　　　　　　　　　/s/ Nnika E. White
　　　　　　　　　　　　　　　　　　　　　　　Nnika E. White, Esq.
　　　　　　　　　　　　　　　　　　　　　　　VSB # 47012
　　　　　　　　　　　　　　　　　　　　　　　Law Office of White & Associates
　　　　　　　　　　　　　　　　　　　　　　　9101 Midlothian Turnpike, Suite 800
　　　　　　　　　　　　　　　　　　　　　　　Richmond, VA 23235
　　　　　　　　　　　　　　　　　　　　　　　(804) 377-9431

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

**In re: SARI JAMES SIMPSON,**        Case No. 14-36798-KRH
      **Debtor.**                               Chapter 13
                                                                    Trustee: Bates

**MOTION TO EXTEND THE AUTOMATIC STAY**

COMES NOW Sari James Simpson, by Counsel, Nnika E. White, Esq., and offers the following memorandum in support of his motion to extend stay:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §157 and 1334 and 11 U.S.C. §362, and this matter is a core proceeding under the Bankruptcy Code.

2. On December 26, 2014, the Debtor filed in this Honorable Court a Petition for Relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §1301 (the "instant case"). Carl M. Bates was appointed to serve as Chapter 13 Trustee in this case (the "Trustee").

3. The Debtor previously filed one (1) Chapter 7 bankruptcy case: Case No. 04-31348, filed on February 16, 2004, and discharged on June 1, 2004. The Debtor also previously filed one (1) Chapter 13 bankruptcy case: Case No. 13-33926 (hereinafter "prior case"), filed on July 19, 2013, and dismissed on December 16, 2014, for failure to make plan payments. The prior case was pending within one (1) year of the filing of the instant case, thus triggering the provision of 11 U.S.C. §362(c)(3).

4. In the instant case, the Debtor proposes a Chapter 13 Plan (the "Plan") that commits all disposable income to paying the Trustee.

5. The Debtor can clearly demonstrate to the Court that the instant case was filed in good faith. In evaluating the debtor's faith in filing bankruptcy, courts within the Fourth Circuit are given broad discretion but are directed to look to "the totality of the circumstances...on a case by case basis." <u>Deans v. O'Donnell</u>, 692 F.2d968, 972 (4th Cir. 1982). Among the factors to be considered are "the percentage of proposed repayment, the debtor's past bankruptcy filings, the debtor's honesty in

    representing facts, and any unusual or exceptional problems facing the particular debtor." <u>Neufeld v. Freeman.</u>794 F.2d 149, 152 (4th Cir. 1986), citing <u>Deans</u> at 972 and quoting 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978).

6. In the instant case, the Debtor has acted in good faith, and it is in the best interests of all creditors for this Court to enter an order extending the stay throughout the duration of the Debtor's Chapter 13 case.

7. The Debtor's financial situation is insufficient for him to pay his debts outside of the bankruptcy, but is strong enough to make the instant case feasible. Also, the period of time for payment of the debts is reasonable. The Debtor has steady income, and is therefore likely to complete the terms of this Plan. Additionally, the Debtor has been honest in representing his schedules and statement of affairs, and there are no unusual or exceptional problems facing the Debtor.

    WHEREFORE, the Debtor moves that this Court grant his Motion to Extend the Automatic Stay.

                                                 RESPECTFULLY SUBMITTED:

                                                 SARI JAMES SIMPSON

                                                 <u>/s/ Nnika E. White</u>
                                                 Nnika E. White, Esq.

Nnika E. White, Esq.
VSB #47012
Law Office of White & Associates
9101 Midlothian Turnpike, Suite 800
Richmond, VA 23235
(804) 977-9431

## CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing Notice and Motion were mailed electronically via CM/ECF to the Chapter 13 Trustee at station01@richchap13.com, and via first-class mail to all creditors on the attached mailing list and all other necessary parties on December 29, 2014.

                                                 <u>/s/ Nnika E. White</u>
                                                 Nnika E. White, Esq.
                                                 *Counsel for Debtor*